## In re DREYFUS et al.

### Patent Appeal No. 3384.

### Court of Customs and Patent Appeals.

March 4, 1935.

I. Seltzer and C. W. Levinson, both of New York City, for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, refusing to allow any claims in appellants' application, which appellants state relates to the method of producing artificial straw and the products thereof.

Claims 1 to 19, inclusive, of appellants' application, were before the Examiner and the Board, but, after the decision of the Board, and for the purpose of facilitating consideration by this court, appellants canceled claims 2, 5, 8, 10, 11, and 16. Claims 1 and 15 are regarded as illustrative and follow:

"1. Method of producing artificial straw or like products of flattened cross section comprising associating a plurality of filaments containing thermoplastic derivatives of cellulose, applying a liquid having at least a latent solvent action on the derivatives of cellulose and then coalescing the filaments by heat and pressure."

"15. Film like material containing thermoplastic derivatives of cellulose produced by coalescing a plurality of filaments of thermoplastic derivatives of cellulose by subjecting the same to heat and pressure in the presence of a liquid having at least a latent solvent action on the derivatives of cellulose."

The references relied upon are: Francke, 292,552, January 29, 1884; Lehner, 680,719, August 20, 1901; Lehner, 713,999,

November 18, 1902; Freericks, 729,749, June 2, 1903; Lehner, 853,093, May 7, 1907; Randall, 1,727,937, September 10, 1929; Mell, 1,730,673, October 8, 1929; Vles et al., British, 306,050, of 1929.

The claimed invention relates to a method of producing films, artificial straws, bristles, and the like made of or containing organic derivatives of cellulose. Some of the claims involve an ornamental effect given to such products by having impressed thereon different colors, lusters, and designs. Concerning the alleged invention appellants state: "In accordance with our invention we prepare filaments, artificial straws, bristles or the like by associating together a plurality of filaments, yarns, etc., made of or containing thermoplastic derivatives of cellulose, then apply to the same a liquid consisting of or containing a solvent or restricted or latent solvent for the derivative of cellulose, and then cause the same to coalesce by the application of heat and pressure. The films, artificial straws and the like thus formed may then be wound by any suitable winding device, twist being imparted thereto if desired."

Claims 1 and 3 were rejected upon three separate grounds, first, as being unpatentable over Lehner, 680,719, in view of Vles et al. and Mell; second, as being unpatentable over Lehner, 713,999 or 853,093, in view of Randall; and, third, as being fully anticipated by Randall.

Claims 18 and 19 were rejected for substantially the same reasons as were assigned for rejecting claims 1 and 3.

Claims 4, 6, 7, 9, 12, 13, and 14 include steps such as adding other fibers, dyeing the material, delustering, adding plasticizer to the softening liquid, or finally applying a molded design by heat and pressure. It was held by the tribunals that these steps or features do not constitute patentability, in view of the ancillary references Francke, Lehner, 853,093, and Freericks, and for the reason that these additional steps are not regarded as inventive over the references relied upon in the rejection of claims 1 and 3. For instance, it is held that claims 4 and 6 involve the step of dyeing which is old in the art and not regarded as lending patentability to the claims.

Claims 15 and 17 were rejected as being article claims improperly defining the article by the process of making it.

Appellants' contentions here may be summed up in the following, which we quote from their brief: " * * * It will be noted that four factors are involved in the appellants' process as set out in these claims, firstly the association of a plurality of filaments of thermoplastic derivatives of cellulose; secondly the application of a liquid having at least a latent solvent action on the cellulose derivatives; thirdly the use of heat; and fourthly the use of pressure. Each of these is a necessary and useful part of the appellants' process."

The Examiner and the Board discussed in detail the claims and the reasons for rejection. We can see no useful purpose in setting out here more fully than we have already done what has been so well and fully stated by the tribunals below. We agree with the Board of Appeals, for the reasons which it assigns, that the claims were properly rejected by the Examiner.

The references clearly show that appellants' contention that associating a plurality of filaments of cellulose material suitably bound together to make a larger unit is inventive is without merit. The references also disclose that there is nothing novel in using as a binding agent a liquid which has a solvent action on cellulose material. Lehner's patent, No. 713,999, shows this. We think there is nothing new or inventive in applying heat or pressure for the purposes specified in appellants' application. This is not only shown in the cited art but, we think, it is well understood that, in order to obtain these effects, these old methods may be resorted to.

Appellants argue that the references relied upon were not concerned with the manufacture of artificial straw, and point out that Lehner was concerned with the manufacture of artificial horsehair. Some of appellants' claims do call for a method of producing artificial straw or like products and some of them do not, but it is not thought that appellants can lend patentability to their claims by so naming their product. Moreover, the Lehner patent, 853,093, uses the term "ribbon" and refers to the product as "of a uniform thickness and width."

As to claims 15 and 17, we agree with the Patent Office tribunals that appellants have not shown that there is any invention expressed in the claims or that, if there was invention, it could not be expressed except by reference to the process with which the product is made. We agree with the tribunals that, if there was a difference between appellants' products and prior art products,

intended to be covered by claims 15 and 17, no reason is apparent why it could not have been expressed in the claims without describing the method of production.

We find no error in the decision of the Board of Appeals, and the same is affirmed.

Affirmed.